

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

F. #2019R01615

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 23, 2020

By ECF

The Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Yong Min Choe
                Criminal Docket No. 20-153 (JS)

Dear Judge Seybert:

      The government submits this letter in advance of the sentencing hearing in the above-captioned case, which is scheduled for October 30, 2020, at 11:30 a.m. For the reasons stated herein, the government respectfully requests that the Court impose a sentence within the United States Sentencing Guidelines ("Guidelines") range of 15 to 21 months' imprisonment.

I.      Factual Background

      On April 29, 2020, the defendant pleaded guilty to violating Title 8, United States Code, Section 1324, in connection with his involvement in a conspiracy to send false payroll information to conceal the employment and harboring of undocumented aliens.

      In March 2004, the defendant entered into a franchise agreement with 7-Eleven Incorporated ("SEI") to operate a 7-Eleven store in Brentwood, New York. (Presentence Investigation Report ("PSR") ¶ 5). Once the defendant began operating the 7-Eleven store, he employed at least nine undocumented aliens who did not possess a legal right to work in the United States. (PSR ¶ 9). This practice enabled the defendant to pay the undocumented aliens lower wages than required under the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 207(a)(1), and to keep part of the undocumented aliens' wages for himself. (PSR ¶¶ 7, 9). In connection with this practice, the defendant knowingly used fictitious identification information as well as the identification information of real people who were allowed to work in the United States to conceal his employment of the undocumented aliens. (PSR ¶ 10). The defendant transmitted the stolen and false identity

information to SEI for wage payment processing (PSR ¶ 10), a process required under the defendant's franchise agreement with SEI (PSR ¶ 8). The defendant employed a store manager who assisted in perpetrating the scheme as part of the charged conspiracy. (PSR ¶ 12).

At least six undocumented alien employees were identified as being owed back wages in connection with their employment at the defendant's 7-Eleven store. (PSR ¶ 13). Relying on certain criteria set forth by the FLSA (see PSR FN 1), the parties agreed that back wages totaling at least $168,215.00 are owed to those undocumented aliens, and the defendant agreed to pay restitution to the six undocumented aliens in the total amount of $168,215.00. (PSR ¶ 15).[1] The amount of restitution owed to each undocumented alien is set forth in the PSR (PSR ¶¶ 13, 79) and in the proposed order of restitution submitted by the parties (ECF No. 26).

As a consequence of the defendant's conviction, the defendant also agreed to forfeit certain assets totaling more than $1.4 million. (See PSR ¶ 81).

II. Guidelines Calculation

The government agrees with the Guidelines calculation set forth in the PSR finding an adjusted offense level of 14 and a criminal history category of I. (PSR ¶¶ 29, 33). This calculation yields a sentencing Guidelines range of 15 to 21 months' imprisonment. (PSR ¶ 70). The Guidelines calculation in the PSR is consistent with the plea agreement.

III. The Appropriate Sentence

The government respectfully requests that the Court impose a sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing. See 18 U.S.C. § 3553(a). In this case, the government submits that a sentence within the Guidelines range is appropriate. Such a sentence is fitting in light of the nature of the offense and the need for general deterrence.

The defendant's fraudulent actions spanned well over a decade, starting from when he began operating the 7-Eleven franchise in 2004 until late last year, when he was arrested in November 2019. His criminal conduct continued even after he was named as a defendant in a civil action, along with SEI, by a class of former employees who claimed that they had been underpaid during their period of employment, in violation of the FLSA and

---

[1] The restitution figures identified in the plea agreement and PSR were calculated based on a six-year period during the charged conspiracy. Five of those six former employees provided loss affidavits to the United States Probation Department and stated that their actual loss amount exceeded the amount contemplated in the plea agreement because they were underpaid by the defendant for a period of more than six years (Third Addendum to the PSR).

New York Labor Law.  See Carbajal, et aI. v. 7-Eleven, Inc., et al. , 18 CV 3273 (SJF) (EDNY).  The government credits the defendant for accepting criminal responsibility very quickly after his arrest (see Defendant's Sentencing Memorandum ("Def. Memo") at 1), but submits that the defendant would have continued underpaying and harboring undocumented aliens had he not been confronted with this criminal prosecution.

The seriousness of offense is demonstrated by the fact that the defendant intentionally used the immigration status of undocumented aliens to line his pockets.  While he did not compel any undocumented aliens to work for him (see Def. Memo at 3), he exercised economic power over them, knowing how difficult it would be for them to make money and finically support their families without work authorization from the United States government.

Moreover, the defendant's concealment of the true identities of these undocumented alien employees was designed to protect the defendant and his business from government scrutiny.  The defendant chose to employ these immigrants precisely because he could deny them the protections of the law.  Crimes like this one, by their very nature, are opaque to regulators and thus exceptionally difficult to detect and prosecute.  Accordingly, the government believes that the sentence imposed must sufficiently address the need for general deterrence, even if the characteristics of this defendant do not create a substantial need for specific deterrence.

IV.     Conclusion

Based on the foregoing, the government respectfully requests that the Court impose a Guidelines sentence between 15 and 21 months of imprisonment, which comports with 18 U.S.C. § 3553(a).

    Respectfully submitted,

    SETH D. DUCHARME
    United States Attorney

By:     /s/ Virginia Nguyen
    Virginia Nguyen
    Acting Special Assistant U.S. Attorney
    (718) 254-6280

cc:     Clerk of the Court (JS) (by ECF)
    Jeffrey Einhorn, Esq. (by ECF)
    Gregory Giblin, United States Probation Officer (by email)